Matter of Mullings v Lee (2019 NY Slip Op 08900)





Matter of Mullings v Lee


2019 NY Slip Op 08900


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

527676

[*1]In the Matter of Andrew Mullings, Appellant,
v
William A. Lee, as Superintendent of Eastern N.Y. Correctional Facility, et al., Respondents.

Calendar Date: November 8, 2019

Before: Garry, P.J., Lynch, Devine and Pritzker, JJ.


Andrew Mullings, Beacon, appellant pro se.
Letitia James, Attorney General, Albany (Patrick Woods of counsel), for respondents.



Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered October 4, 2018 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner was found guilty of violating certain prison disciplinary rules and, by his own admission, was advised on January 11, 2018 that his administrative appeal was unsuccessful. In early May 2018, petitioner endeavored to commence a CPLR article 78 proceeding to challenge the disciplinary determination, but the Ulster County Clerk's office returned petitioner's papers with instructions to correct the claimed deficiencies pertaining to venue. Petitioner thereafter commenced this CPLR article 78 proceeding by filing his petition and supporting documentation in the Ulster County Clerk's office on June 6, 2018. Respondents then moved to dismiss the proceeding as time-barred. In response, and prior to the return date of the motion, petitioner tendered a letter requesting that Supreme Court grant him a 30-day extension to reply. Supreme Court designated petitioner's request as his "reply" and granted respondents' motion to dismiss the petition. This appeal by petitioner ensued.
We reverse. To begin, Supreme Court's erroneous characterization of petitioner's extension request effectively deprived him of any meaningful opportunity to demonstrate that his original papers were timely filed in May 2018. Petitioner's request was predicated on the need for additional time to obtain documentary evidence to establish that his initial papers were timely filed. Although we recognize that petitioner's original papers were returned to him by the Ulster County Clerk, we nonetheless conclude that his limited extension request should have been granted (see CPLR 2004). We are also mindful that "the failure to file the papers required to commence a proceeding constitutes a nonwaivable, jurisdictional defect" (Matter of West v Polizzi, 166 AD3d 1158, 1159 [2018] [internal quotation marks and citations omitted]). As for the proper designation of venue, the operative question for Supreme Court upon remittal is whether the proposed order to show cause, the petition, the RJI and the application for an index number all properly showed that this proceeding was venued in Ulster County.
Garry, P.J., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.